UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Maria G.,<br><br>    Petitioner,<br><br>v.<br><br>Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director, Immigration and Customs Enforcement*; Caroline Pratt, *Director, Omaha Field Office, Immigration and Customs Enforcement and Removal Operations*; Chad Sheehan, *Woodbury County Sheriff, physical custodian of Woodbury County Jail*,<br><br>    Respondents. | File No. 26-CV-1717 (JMB/DJF)<br><br>**ORDER** |

Daniel T. Donnelly, Donnelly Law Office, Austin, MN, for Maria G.

David W. Fuller and Trevor Brown, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, Caroline Pratt, and Chad Sheehan.

   This matter is before the Court on Petitioner Maria G.'s[1] Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. (Doc. No. 1 [hereinafter, "Pet."].) Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, Caroline Pratt, and Chad

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

1

Sheehan together, "Respondents") are named in the Petition. For the reasons explained below, the Court grants the Petition in part.

## FINDINGS OF FACT[2]

1. Maria G. is a native and citizen of Mexico who entered the United States without inspection in 1977. (Pet. ¶¶ 1, 35.)

2. Maria G. has a husband and son who are both United States Citizens. (*Id.* ¶ 8–9.)

3. Maria G. is alleged to have been using someone else's social security number on documents related to her employment. (Doc. No. 5 at 2, 6.)

4. On February 18, 2026, Maria G. was arrested by local law enforcement in Nobles County, Minnesota for working without authorization. (Pet. ¶¶ 7, 15; Doc. No. 6 at 2.)

5. Maria G. was charged with one count of Giving Peace Officer False Name-of Another Person in violation of Minn. Stat. § 609.56, subd. 2, and one count of Identity Theft in violation of Minn. Stat. § 609.527. subd. 2. (Pet. ¶ 15.)

6. Immigration and Customs Enforcement (ICE) Officer Dreckman was made aware of Maria G.'s arrest and subsequently issued a Form I-247A Immigration Detainer. (Doc. No. 6 at 2; Doc. No. 6-1.) A Form I-213 Record of Deportable/Inadmissible

---

[2] Because Respondents did not contest any of the factual allegations in the Petition, these allegations are deemed admitted. *See, e.g.*, *Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994) ("When the State's return fails to dispute the factual allegations contained in the petition and traverse, it essentially admits those allegations."), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000).

Noncitizen was generated because of this encounter. (*Id.*)

7. Also on February 18, 2026, Supervisory Detention and Deportation Officer Cody, issued a Form I-200, Warrant for Arrest of Noncitizen. (*Id.*; Doc. No. 6-2.)

8. On February 20, 2026, Officer Cody arrested Maria G., who was later served with a Notice to Appear, Form I-862, charging removability under section 212(a)(6)(A)(i) and section 212(a)(7)(A)(i)(I). (Doc. No. 6 at 2; Doc. 6-3.)

9. ICE took Maria G. into physical custody on or about February 23, 2026. (Doc. No. 6 at 3.)

10. On March 3, 2026, Maria G. filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet.) Maria G. seeks a bond hearing pursuant to 8 U.S.C. § 1226(a) or immediate release. (Pet. at 17.) Maria G. also seeks a variety of additional relief from the Court, including a declaration that Respondents' decision violates the Administrative Procedure Act and the Due Process Clause of the Fifth Amendment as well as an award of attorney fees and costs pursuant to the Equal Access to Justice Act. (*Id.*)

11. The same day the Petition was filed Court ordered Respondents to file a response to the Petition by March 6, 2026, at 11:00 a.m. CT. (Doc. No. 3.) Respondents timely filed a response. Maria G. timely filed their reply on March 9, 2026. (Doc. No. 8.)

## DISCUSSION

Respondents argue that Maria G. is subject to mandatory detention under section 1226(c) and is therefore not entitled to a bond hearing under 1226(a). (Doc. No. 5 at 1.) For the reasons discussed below, the Court concludes that Maria G. is entitled to a

bond hearing pursuant to section 1226(a)(1). The Court therefore grants Maria G.'s Petition in part.

### A. Constitutional Guarantee of Habeas Review

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates they are in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

### B. Applicability of 8 U.S.C. § 1226(a)(1)

The Laken Riley Act (LRA) added new categories of noncitizens subject to mandatory detention under section 1226(c), and one such category was for noncitizens lacking valid documentation *and* who have been charged with or convicted of certain crimes. *See* 8 U.S.C. § 1226(c)(1)(E)(i)–(ii). The crimes in the statute include, burglary,

theft, larceny, shoplifting, assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person. 8 U.S.C. § 1226(c)(1)(ii). Respondent argues that the charge of identity theft brought against Maria G. falls within these provisions.

As a threshold matter, the Court observes that the crimes listed in the LRA "have the meaning [of] such terms in the jurisdiction in which the acts occurred." 8 U.S.C. § 1226(c)(2). Thus, the term "theft" has the meaning given by state Minnesota statute. Under state law, a "theft" occurs if a person "obtains . . . property or service . . . by a third person by intentionally deceiving the third person with a false representation which is known to be false, made with intent to defraud, and which does defraud the person to whom it is made." Minn. Stat. § 609.52, subd. 2(a)(3).

Respondents acknowledge that Maria G. was charged with the crime of identity theft, not the crime of theft, but Respondents nevertheless contend that Maria G.'s identity theft charge is also a charge of theft under Minnesota law, such that section 1226(c)(1)(E) requires Maria G.'s mandatory detention. (Doc. No. 5 at 3–4.) The Court disagrees, concluding that the record does not contain sufficient evidence to show Maria G. has been charged with any state crime. In addition, the Court concludes that the petition should be granted in part because theft and identity theft are similar, but distinct offenses under Minnesota law.

First, the evidence presented does not show that Maria G. has been charged with theft under Minnesota law. The Court observes that the record does not include the charging document itself. While there is a reference to the charges against Maria G.,

5

Respondents have not provided the complaint and there is nothing in the record to explain the conduct at issue or the particular offense with which Maria G. has been charged. Absent this evidence, the Court cannot conclude that the current charges fit within the crime of "theft" under Minnesota law.[3]

Second, the Court also disagrees with the contention that, as a purely legal matter, the elements of identity theft necessarily overlap with the elements of theft. As a matter of Minnesota law, the crime of "identity theft" occurs when someone "transfers, possesses, or uses an identity that is not the person's own, with the intent to commit, aid, or abet any unlawful activity." Minn. Stat. § 609.527, subd. 2. Neither of the two primary elements of identity theft (using an identity that it not one's own and doing so with the intent to commit another unlawful act) are present in the elements of theft. Nor would committing each element of theft necessarily result in a conviction for identity theft.

---

[3] Portions of Respondents' written submission argue that Maria G. has been charged with the equivalent of theft, because the crime of identity theft under Minnesota law includes someone who uses a false identity with the intent to commit another unlawful act, *see* Minn. Stat. § 609.527, subd. 2, and theft is an unlawful act. (*See* Doc. No. 5 at 5 (arguing that all theft crimes are included in the offense of identity theft because they are included as unlawful activity)). The Court cannot agree on this record. Absent the actual charging document, the Court does not know what unlawful act is at issue in this particular identity theft offense. While Respondents are correct that subdivision 1(h)(2) of Minnesota Statutes section 609.527 contemplates an identity theft crime when someone uses the identity of another with intent to commit theft, subdivision 1(h)(1) contemplates an identity theft crime when someone uses the identity of another with intent to commit "any felony violation of the laws of this state [,] . . . another state[,] or the United States." Absent the charging document, the Court cannot assume that the identity theft charge in this case was made under subdivision 2 as opposed to subdivision 1. Thus, The Court cannot agree with Respondents' argument that Maria G. has been charged with the equivalent of theft.

To convince the Court otherwise, Respondents address the similarities between identity theft and yet another offense, theft by swindle. Respondents do not, however, offer any legal authority for this proposition. In the Court's review, ample authority carefully distinguishes between similar, but legally distinct theft crimes. For instance, the Minnesota Supreme Court has analyzed the overlap between theft by swindle and identity theft and reached a conclusion that conflicts with Respondents' argument. *See State v. Ross*, 732 N.W.2d 274, 280 (Minn. 2007) (concluding that theft by swindle and identity theft "were unrelated to each other," and concluding the trial court's joinder decision was erroneous); *see also State v. Matilla*, 339 N.W.2d 54, 55 (Minn. 1983) (concluding that the statutory definitions of theft by swindle and filing a false police report described distinct conduct, even though the theft by swindle involved the false police report); *State v. Jackson*, 363 N.W.2d 758, 760 (Minn. 1985) (vacating adjudication of offense because sustaining convictions for the crimes of uttering a forged instrument violated the Double Jeopardy Clause, but acknowledging that the crime of theft by check was distinct); *State v. Idowu*, 272 N.W.2d 354, 355 (Minn. 1978) (concluding that the statutory definitions of theft by check and forgery described distinct conduct); *State v. Williams*, 403 N.W.2d 322, 324 (Minn. Ct. App. 1987) (concluding that the statutory definition of theft was distinct from the statutory definition of burglary). Absent any caselaw to support Respondents' position, the Court declines to hold that identity theft and theft by swindle—or that identity theft and

theft—are so related as to conclude that beiing charged with identity theft falls within the definition of theft under Minnesota law.[4]

For these reasons, the Court finds that Maria G.'s detention is governed by section 1226(a), and that she is not subject to section 1226(c)'s mandatory detention. Pursuant to section 1226(a), Maria G. is entitled to a bond hearing. 8 U.S.C. § 1226(a)(1)-(2); *see also Belsai D.S.*, 2025 WL 2802947, at *5–6; *Jose Andres R.E.*, 2025 WL 3146312, at *1 n.2. Accordingly, the Court grants the Petition to the extent Maria G. seeks a bond hearing.[5]

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED in part and DENIED in part, as follows:

---

[4] In addition, Respondents' analogy breaks down rather quickly. In a theft-by-swindle offense, the person tricked is also the person who suffers an economic loss: "the [theft-by-swindle] statute punishes any fraudulent scheme, trick, or device whereby the wrongdoer deprives the victim of his money by deceit or betrayal of confidence." *State v. Lone*, 361 N.W.2d 854, 858 (Minn. 1985) (citation omitted). In this case, there is no evidence in the record presented that Maria G. swindled or tricked the person whose social security number she is using. Nor is there any evidence that the person whose social security number Maria G. was using has suffered any economic harm. Likewise, Respondents offer no evidence that Maria G.'s employer was tricked or deceived. It could equally be true on this record that Maria G.'s employer willingly accepted her labor knowing that she was using someone else's social security number. There is also no evidence that Maria G.'s employer was "deprived" of property or money because it is not contested that Maria G. actually provided her labor and earned her wages. Thus, the Court cannot adopt Respondents' argument.

[5] The Court does not address the Petition's request for an award of fees and costs under the Equal Access to Justice Act; Maria G. may move separately for such relief within 30 days of final judgment in this action. 28 U.S.C. § 2412(d)(1)(B).

1. Respondents must <u>immediately</u> provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), and in any event, on or before <u>5:00 p.m. CT on March 18, 2026</u>.

2. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention without conditions.

3. On or before <u>11:00 a.m. CT on March 19, 2026</u>, counsel for Respondents shall file a letter affirming that Petitioner was released from custody in accordance with this Order. Counsel shall also file a declaration on or before <u>11:00 a.m. CT on March 19, 2026</u>, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all relevant documentation concerning the Petitioner's release, and affirms that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation). Because Petitioner was transferred out of Minnesota prior to the Court's Order granting the Petition, counsel shall also file a declaration on or before <u>11:00 a.m. CT on March 19, 2026</u>, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that includes the following: (a) the name or names of any individual or individuals who authorized Petitioner's transfer outside of Minnesota; (b) the basis for the transfer; (c) the time and date when that decision was made; (d) the time and date when Petitioner was moved; and (e) what efforts Respondents took to return Petitioner to Minnesota as ordered by the Court.

4. Respondents shall not remove, transfer, or otherwise facilitate the removal of Petitioner from the District of Minnesota prior to compliance with Paragraphs 1–3 of this Order.

5. To the extent Petitioner seeks additional relief, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 14, 2026                  /s/ *Jeffrey M. Bryan*
                                                                      Judge Jeffrey M. Bryan
                                                                      United States District Court